IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRUCE HENDERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _3:21-cv-02818 |
| | § | |
| HORIZON THERAPEUTICS USA, INC., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Horizon Therapeutics USA, Inc. petitions this Court, pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446 to remove this action from the 44th Judicial District Court, Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division.  As grounds for removal, Defendant argues as follows:

## BACKGROUND

1. Plaintiff filed his Original Petition (the "Petition") on October 14, 2021, in the 44th Judicial District Court, Dallas County, Texas, captioned *Bruce Henderson v. Horizon Therapeutics USA, Inc.*; Cause No. DC-21-15155 (the "State Court Action").  Therein, Plaintiff asserts claims of age, race, and sex discrimination against Defendant pursuant to the Texas Commission on Human Rights Act, Chapter 21 of the Texas Labor Code ("TCHRA").

2. This Notice of Removal, together with all process, pleadings, and orders served on Defendant, or otherwise on file in the State Court Action, are being filed with this Court within thirty (30) days after the initial service of citation on Defendant.  Defendant accepted service on October 19, 2021.  The removal is therefore timely under 28 U.S.C. § 1446(b).

3. Pursuant to Local Rule 81.1, an index of the documents filed in the State Court Action, the state court docket sheet, and copies of all documents filed in the State Court Action,

other than discovery, are attached hereto as *Exhibit A*.  Defendant's Certificate of Interested Persons will be filed separately.  A copy of this Notice of Removal is also being filed with the clerk of the state court in which the action was filed.

4. This Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Removal is appropriate pursuant to 28 U.S.C. § 1441 in that this is a civil action between diverse parties.  The court may exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

## DIVERSITY OF CITIZENSHIP

5. Plaintiff contends he is a citizen of the State of Texas.  Plaintiff's Original Petition, ¶ 2.

6. When Plaintiff filed the State Court Action and when the causes of action arose, Defendant was and still is a Delaware corporation, with its principal place of business in Deerfield, Illinois.  *See id.,* ¶ 3.

7. Removal pursuant to 28 U.S.C. § 1332 requires complete diversity of citizenship, and a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any properly-joined defendant.  *Hambric Sports Mgmt., LLC v. Team AK, Inc.,* No. 3:09-CV-1662-L, 2010 U.S. Dist. Lexis 47643, *5 (N.D. Tex. May 14, 2010).  In considering citizenship, the court considers only the citizenship of real and substantial parties to the litigation; it does not take into account nominal or formal parties.  *Id.*

8. Pursuant to 28 U.S.C. § 1441(b), an action between diverse parties is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

9. Here, there is complete diversity of citizenship between the parties, and Defendant is not a citizen of the State of Texas.

## AMOUNT IN CONTROVERSY

10. Pursuant to 28 U.S.C. § 1332(a), federal district courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of costs and interest.

11. In the Petition, Plaintiff expressly pleaded he seeks damages "over $1,000,000" in this case, thereby meeting the amount-in-controversy requirement. Plaintiff's Original Petition, ¶ 5.

## VENUE

12. Venue is proper in this Court under 28 U.S.C. § 1391, as this action was pending in a state court within this District and Division. See also 28 U.S.C. § 1441(a) (stating that venue is proper in the court in the "district and division embracing the place where such action is pending").

## CONCLUSION

13. Removal of the State Action is proper under 28 U.S.C. § 1441(a) and (b) because it is a civil action brought in a state court. The federal district courts have jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

**WHEREFORE,** Defendant gives notice that the action *Bruce Henderson v. Horizon Therapeutics USA, Inc.*, Cause No. DC-21-15155, pending in the 44th Judicial District Court of Dallas County, Texas, is hereby removed to this Court.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By: ___*/s/ Jeff T. Leslie*___
    SEAN C. URICH
    Texas State Bar No. 24033287
    sean.urich@ogletree.com
    JEFF T. LESLIE
    Texas State Bar No. 24091294
    jeff.leslie@ogletree.com

500 Preston Commons West
8117 Preston Road
Dallas, Texas  75225
(214) 987-3800
(214) 987-3927 (Fax)

**ATTORNEYS FOR DEFENDANT
HORIZON THERAPEUTICS USA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically on November 12, 2021, and service of same will be made by the Court's ECF system to all parties of record.

    ___*/s/ Jeff T. Leslie*___
    JEFF T. LESLIE

49043832.1