# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **BRUCE HENDERSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:21-cv-02818** |
| | § | |
| **HORIZON THERAPEUTICS USA, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## <u>INDEX TO DEFENDANT'S NOTICE OF REMOVAL</u>

| EXHIBIT | DATE OF DOCUMENT | DOCUMENT |
|---------|------------------|----------|
| 1 | October 14, 2021 | Docket Sheet |
| 2 | October 14, 2021 | Original Petition |
| 3 | October 14, 2021 | Citations Issued |
| 4 | October 14, 2021 | Jury Demand |
| 5 | October 19, 2021 | Order – Status Conference |

# EXHIBIT 1

# Case Information

DC-21-15155 | BRUCE HENDERSON vs. HORIZON THERAPEUTICS USA, INC

| Case Number | Court | Judicial Officer |
| --- | --- | --- |
| DC-21-15155 | 44th District Court | WYSOCKI, ASHLEY |
| File Date | Case Type | Case Status |
| 10/14/2021 | OTHER (CIVIL) | OPEN |

# Party

PLAINTIFF
HENDERSON, BRUCE

Active Attorneys ▾

Lead Attorney
MOSCOWITZ, BARRY A
Retained

DEFENDANT
HORIZON THERAPEUTICS USA, INC

Address
REGISTERED AGENT ILLINOIS CORPORATION SERVICE
801 ADLAI STEVENSON DRIVE
SPRINGFIELD IL 62703

# Events and Hearings

10/14/2021 NEW CASE FILED (OCA) - CIVIL

10/14/2021 ORIGINAL PETITION ▼

ORIGINAL PETITION

10/14/2021 ISSUE CITATION ▼

ISSUE CITATION - HORIZON THERAPEUTICS USA, INC.

ISSUE CITATION - HORIZON THERAPEUTICS USA, INC. - DEERFIELD

10/14/2021 JURY DEMAND ▼

FP FILE DESK JURY DEMAND FORM

10/19/2021 ORDER - STATUS CONFERENCE ▼

ORDER - STATUS CONFERENCE

10/20/2021 CITATION▼

**Unserved**

Anticipated Server
**ATTORNEY**

Anticipated Method
Comment
**HORIZON THERAPEUTICS USA, INC.**

10/20/2021 CITATION▼

**Unserved**

Anticipated Server
**ATTORNEY**

Anticipated Method
Comment
**HORIZON THERAPEUTICS USA, INC. - DEERFIELD**

12/03/2021 Status Conference ▼

Judicial Officer
**WYSOCKI, ASHLEY**

Hearing Time
**9:00 AM**

## Financial

HENDERSON, BRUCE

| | | |
|---|---|---|
| Total Financial Assessment | | $368.00 |
| Total Payments and Credits | | $368.00 |

| | | | | |
|---|---|---|---|---|
| 10/15/2021 | Transaction Assessment | | | $368.00 |
| 10/15/2021 | CREDIT CARD - TEXFILE (DC) | Receipt # 69324-2021-DCLK | HENDERSON, BRUCE | ($368.00) |

## Documents

ORIGINAL PETITION

FP FILE DESK JURY DEMAND FORM

ISSUE CITATION - HORIZON THERAPEUTICS USA, INC.

ISSUE CITATION - HORIZON THERAPEUTICS USA, INC. - DEERFIELD

ORDER - STATUS CONFERENCE

# EXHIBIT 2

2 CIT ATTY / JURY

Case 3:21-cv-02818-M   Document 1-1   Filed 11/12/21   Page 8 of 27   PageID 12

FILED
10/14/2021 9:06 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Angie Avina DEPUTY

DC-21-15155

CAUSE NO. _____

| | | |
|---|---|---|
| **BRUCE HENDERSON,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | 44th |
| **vs.** | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| **HORIZON THERAPEUTICS USA, INC.,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

---

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

---

Plaintiff Bruce Henderson ("Henderson" or "Plaintiff") files this Original Petition ("Petition") against Defendant Horizon Therapeutics USA, Inc. ("Horizon" or "Defendant"), and would respectfully show the following:

## I.
## INTRODUCTION

1.      This wrongful termination action is brought under the Texas Commission on Human Rights Act, TEXAS LABOR CODE Section 21.001 *et. seq.* ("TCHRA"), to correct Defendant's unlawful employment practices and to provide appropriate relief to Plaintiff, a 61-year-old Caucasian male, for the unlawful discrimination that he was subjected to when Defendant wrongfully terminated his employment on the basis of Plaintiff's age (61), race (Caucasian), and sex (male).

## II.
## PARTIES

2.      Bruce Henderson is an individual residing in Dallas County, Texas.

3.      On information and belief, Horizon Therapeutics USA, Inc. is a foreign corporation

---

that maintains its principal place of business in Deerfield, Illinois. Horizon regularly conducts business in Dallas County, Texas and is an "employer" as defined under Section 21.002(8) of the TCHRA. Horizon may be served with process by serving its Registered Agent, Illinois Corporation Service, at 801 Adlai Stevenson Drive, Springfield, Illinois 62703, or at its principal place of business located at 1 Horizon Way, Deerfield, Illinois 60015.

## III.
## DISCOVERY PLAN AND RULE 47 PLEADING REQUIREMENTS

4.      Pursuant to Rule 190.4 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff affirmatively alleges that discovery in this matter is intended to be conducted under Level 3 and requests that the Court enter a discovery control plan tailored to the circumstances of this case.

5.      Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks damages in an amount that is within the jurisdictional limits of this Court. Specifically, Plaintiff seeks monetary relief over $1,000,000, as well as any other relief to which Plaintiff may be entitled. *See* TEX. R. CIV. P. 47(c)(5), (d).

## IV.
## JURISDICTION AND VENUE

6.      The Court has subject matter jurisdiction over this lawsuit because Plaintiff seeks monetary relief in an amount that exceeds the minimum jurisdictional limits of this Court and because the causes of action that are asserted herein are not subject to the exclusive jurisdiction of another court.

7.      The Court also has personal jurisdiction over Defendant because Defendant employed Plaintiff in Dallas County, Texas, regularly engaged in business activities in Texas, and the causes of action that are asserted by Plaintiff arise out of Defendant's business activities in Texas. As such, by regularly conducting business in the State of Texas, Defendant has purposefully

availed itself of the laws of this state and has engaged in sufficient conduct to establish minimum contacts with Texas, such that the Court's exercise of jurisdiction over Defendant would not violate the traditional notions of fair play and substantial justice.

8.      Venue is proper in Dallas County, Texas because all or a substantial part of the events and the unlawful employment actions committed by Defendant giving rise the claims asserted herein occurred within Dallas County. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

## V.
## FACTS

9.      Plaintiff, a Caucasian male, began his employment with Horizon on May 19, 2019, when he was hired to work as an Area Sales Director for TEPEZZA, an FDA approved infused monoclonal antibody designed to help treat thyroid eye disease. When Plaintiff started at Horizon, he came in with over 30 years of experience working as a proven sales leader within the biopharmaceutical sales industry.

10.      Over the course of his career, Plaintiff has consistently excelled and has been able to achieve tremendous success both in the hiring and retaining of top talent for several biotech companies, as well as in building out high-performing sales teams in competitive and rare disease environments. Moreover, Plaintiff had also developed and implemented sales plans that successfully launched three "blockbuster drugs"[1] into complex, physician-administered marketplaces characterized by specialty products with limited distribution.

11.      Accordingly, because Plaintiff possessed extensive experience as a biopharmaceutical sales leader prior to his employment with Defendant, Plaintiff not only satisfied the objective employment criteria of the Area Sales Director position, but also was able to exceed

---

[1] A "blockbuster drug" is an extremely popular drug that is commonly used to treat common medical problems, such as diabetes and high cholesterol, that generates annual sales of a least $1 billion for the company that sells the drug.

Defendant's reasonable expectations by successfully hiring and managing the South Sales Area teams for a period of five months prior to the launch of TEPEZZA. Consequently, Plaintiff was promoted on October 17, 2019 to the position of National Sales Director for TEPEZZA. The following day, Tim Walbert, the Chief Executive Officer ("CEO") of Horizon, texted Plaintiff to congratulate him on his promotion and let him know that the promotion was "much deserved" and that Plaintiff brought "great experience to the role," along with "leadership and guidance."

12.     In this new position, Plaintiff was directly responsive for providing strategic input and direction in building and executing strategies for the pre-launch and launch of TEPEZZA, while also directly managing seven Area Sales Directors and their sales teams in driving demand for TEPEZZA, sales force integration and execution of the launch of TEPEZZA. As a result of Plaintiff's strategic and collaborative approach, the launch of TEPEZZA has been recognized as one of the "top 2" drug launches in rare disease history.

13.     During his tenure at Horizon, Plaintiff never received any form of discipline, a negative performance appraisal, or any indication that his job performance was not satisfactory. To the contrary, Plaintiff's performance, by all accounts, was exemplary, as evidenced by the consistent praise that Plaintiff received for his work in the strategic pre-launch and launch execution for TEPEZZA.

14.     For instance, on May 6, 2020, Vikram Karnani, Vice President Commercial Operations, texted Plaintiff stating, "Congratulations to you and your team, Bruce. Terrific execution!" Subsequently, on July 31, 2020, Keli Walbert, Senior Vice President, Commercial Operations, Strategic Marketing and General Manager of Horizon's Ophthalmology Business Unit, emailed Plaintiff's unit and stated that their "efforts and excellence are recognized. Our board . . . . routinely comment [that] the TEPEZZA launch is the best they have ever seen."

15.     Indeed, Plaintiff's leadership and stellar job performance undeniably played a vital role in the exponential growth of TEPEZZA, which significantly contributed to Horizon's revenue growth in 2020. Specifically, because of Plaintiff's hard work and the resounding success of TEPEZZA, Horizon's first quarter net sales figure of $23.5 million jumped up to $165.9 million by the second quarter in 2020, and Horizon was able to increase "Net Sales guidance to more than $650M, which [was] $200M above [the] previously stated guidance" based on the "amazing TEPEZZA demand" that had been "driven by [Horizon's] commercial execution."

16.     And by August 20, 2020, TEPEZZA had become Horizon's "biggest seller in a year with $343m+ in sales YTD," which Mr. Walbert attributed to Plaintiff's unit and congratulated them for their "AMAZING accomplishment!!!!!!!" In fact, upon information and belief, Mr. Walbert has described TEPEZZA at board meetings and during television interviews as the second most successful rare disease drug launched in history.

17.     The praise for Plaintiff's performance and leadership in executing the TEPEZZA brand only continued throughout 2020, including when he received a text from Keli Walbert on September 17, 2020, and when he received the email that Tim and Keli Walbert sent to the company on October 1, 2020, sharing how Horizon's stock prices were at an all-time high, closing at $80.42. The success that Horizon experienced as a result of Plaintiff's efforts and leadership was further confirmed on October 9, 2021, when Mr. Walbert sent an email to the company stating that "TEPEZZA is (today) our first $500M brand."

18.     As a result of both TEPEZZA and Horizon's outsized performance, thanks in no small part to Plaintiff's leadership and vital role, Plaintiff was in line for significant restricted stock unit ("RSU") grants under Horizon's 2014 Equity Incentive Plan, which were scheduled to start vesting in January 2021. Additionally, Plaintiff was also to become eligible to participate in

Horizon's employee stock purchase plan on December 1, 2020, worth approximately $65,000 in additional compensation. Combined with Plaintiff's base salary of $269,199.00, and the 10,643 shares of Horizon's stock that Plaintiff received on June 1, 2019 and January 3, 2020, Horizon was going to be paying Plaintiff seven-figure sums over the course of the coming years as a result of Plaintiff's hard work and notable job performance.

19.    With no lack of praise, and a total lack of any discipline, performance concerns, or reprimands, it came as quite a shock to Plaintiff when he was informed on October 12, 2020 that his employment was being terminated because the "company wanted to go in a different direction." Plaintiff was 61 years old at the time of his discharge. That same day, Horizon presented Plaintiff with a paltry severance package, which consisted of $67,122.85 in separation pay.

20.    Notably, at the time of Plaintiff's termination, he was on the cusp of unlocking the dividends of his efforts at expanding TEPEZZA's marketability. However, Horizon's measly severance package conveniently ignored the significant equity compensation package that Plaintiff was in line to receive within a matter of weeks in the form of stock purchase plans, and soon-to-be vested RSUs—compensation that, by all accounts, was earned and well-deserved based on TEPEZZA's substantial success. In fact, upon terminating Plaintiff's employment, Horizon decided to take back a total of 9,273 shares of Horizon's stock from Plaintiff, which was worth more than $750,000 in stock value based on the $80.42 stock price at that time, which would have all vested by 2022.

21.    Accordingly, despite serving Horizon as a dedicated employee and devoting an inordinate amount of time to developing a rare disease drug essentially from scratch, Plaintiff was summarily terminated at the height and zenith of the drug's profitability. Upon information and belief, Defendant decided to terminate Plaintiff's employment, without any legitimate reason, in

order to make way for his replacement, Clarissa Kelly, a substantially younger, African American female, with significantly less experience and qualifications than Plaintiff. Therefore, Plaintiff has suffered both pecuniary and non-pecuniary damages, including emotional distress and mental anguish, as a proximate result of Horizon's wrongful termination of his employment.

22.     Following Plaintiff's wrongful termination, he was informed that Horizon actually has developed a reputation, which is based on a long history, for terminating senior-level male employees, such as Plaintiff, with little to no documented performance issues, right before the male employees were set to receive significant stock options and bonuses. In fact, upon information and belief, Horizon has developed a business practice of recruiting seasoned sales leaders and employees, like Plaintiff, to generate significant revenue for the company in order to enrich the CEO, and then summarily terminating the employment of those individuals who are primarily responsible for driving up Horizon's revenue.

23.     Based on the foregoing, it is evident that the reason that Defendant terminated Plaintiff's employment was not because the "company wanted to go in a different direction," but rather because of Plaintiff's age (61), race (Caucasian), and sex (male.)

### VI.
### CONDITIONS PRECEDENT

24.     On December 4, 2020, Plaintiff filed an Employment Discrimination Complaint with the Texas Workforce Commission Civil Rights Division ("TWCCRD"), alleging unlawful discrimination based on age, race, and sex. As such, Plaintiff's Employment Discrimination Complaint was timely filed within 180 days of the date that Plaintiff's employment was wrongfully terminated, *i.e.*, October 12, 2020.

25.     Subsequently, the TWCCRD issued its Notice of Dismissal and Right to File Civil Action, which Plaintiff received on August 25, 2021. As such, Plaintiff timely filed this Petition

within 60 days of Plaintiff's receipt of the TWCCRD's Notice of Dismissal and Right to File Civil Action, which meets the filing deadline set forth by the TCHRA.

26.     Based on the foregoing and pursuant to TEXAS RULE OF CIVIL PROCEDURE 54, all conditions precedent to the institution of this lawsuit have been fulfilled and Plaintiff has exhausted all administrative remedies required by the TCHRA.

## VII.
## CAUSES OF ACTION

### DISCRIMINATION IN VIOLATION OF THE TEXAS LABOR CODE

27.     Plaintiff incorporates the preceding paragraphs 1 – 26 as if fully set forth herein.

28.     Plaintiff is an "employee" within the meaning of Section 21.002(7) of the TCHRA and belongs to the class of employees who are protected under the Texas Labor Code, namely Caucasian male employees, who are over the age of 40.

29.     Defendant is an "employer" within the meaning of Section 21.002(7) of the TCHRA, as Defendant is engaged in an industry affecting commerce and has 15 or more employees for each working day in 20 or more calendar weeks in the current and preceding calendar years.

30.     Although Plaintiff was more than qualified to perform the essential functions of the National Sales Director position, Plaintiff was subjected to unlawful discrimination based on his age, race, and sex when Defendant wrongfully terminated Plaintiff's employment, without articulating any legitimate reason, and replaced Plaintiff with Clarissa Kelly, an African American female, who was not only substantially younger, but also less qualified than Plaintiff.

31.     Consequently, the aforementioned conduct by Defendant constitutes actionable discrimination on the basis of age, race, and sex in violation of Section 21.051 of the TEXAS LABOR CODE for which Plaintiff is entitled to recover damages. Moreover, Defendant committed the

aforementioned unlawful employment acts against Plaintiff intentionally and with malice and/or reckless disregard for Plaintiff's state protected rights, which entitles Plaintiff to an award of exemplary damages under the TCHRA.

## VIII.
## DAMAGES

32.　　As a direct and proximate result of Defendant's improper and illegal actions, Plaintiff has suffered damages in excess of the minimum jurisdictional limits of this Court. Accordingly, Plaintiff is entitled to recover all statutorily allowed damages for Defendant's unlawful conduct, including but not limited to, past and future lost wages and benefits, as well as compensatory damages to compensate Plaintiff for his past and future emotional distress, pain and suffer, and mental anguish.

33.　　Plaintiff will further show that because the unlawful acts of Defendant complained of herein were committed with malice and/or reckless indifference to Plaintiff's state protected rights, Plaintiff is entitled to recover an award of exemplary damages from Defendant pursuant to Section 21.2585 of the TEXAS LABOR CODE.

34.　　Finally, as a result of Defendant's unlawful conduct, Plaintiff has been compelled to retain the services of the undersigned counsel for the prosecution of Plaintiff's claims. Therefore, Plaintiff is also entitled to recover from Defendant a reasonable sum for the necessary attorney's fees that Plaintiff incurs for the preparation and trial of this action.

## IX.
## JURY DEMAND

35.　　Plaintiff hereby requests a trial by jury on all claims, issues, and defenses in this case that allow for a jury trial.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Bruce Henderson hereby prays that

Defendant Horizon Therapeutics USA, Inc. be cited to appear and answer herein, and that upon a

final trial of this cause, judgment be entered for Plaintiff against Defendant for:

1.     Actual damages outlined herein;

2.     Compensatory damages;

3.     Exemplary damages;

4.     Attorney's fees, expert witness fees, and court costs;

5.     Pre-judgment and post-judgment interest at the applicable rate under the law; and

6.     Such other and further relief, both in law and in equity, to which Plaintiff may show

himself justly entitled.


Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, LLP**

By:   */s/ Barry A. Moscowitz*
      **BARRY A. MOSCOWITZ**
      State Bar No. 24004830
      **TAYLOR N. DENTON**
      State Bar No. 24116278
      **THOMPSON, COE, COUSINS & IRONS, L.L.P.**
      Plaza of the Americas,
      700 N. Pearl Street
      Twenty-Fifth Floor
      Dallas, TX 75201-2832
      Telephone: (214) 871-8200
      Telecopy: (214) 871-8209
      Email: bmoscowitz@thompsoncoe.com
      Email: tdenton@thompsoncoe.com

**ATTORNEYS FOR PLAINTIFF**
**BRUCE HENDERSON**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Berlinda Jimenez on behalf of Barry Moscowitz
Bar No. 24004830
bjimenez@thompsoncoe.com
Envelope ID: 58173444
Status as of 10/15/2021 2:55 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Barry AMoscowitz | | bmoscowitz@thompsoncoe.com | 10/14/2021 9:06:35 AM | SENT |
| Taylor Denton | | tdenton@thompsoncoe.com | 10/14/2021 9:06:35 AM | SENT |

# EXHIBIT 3

## FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:   **HORIZON THERAPEUTICS USA, INC**
       **REGISTERED AGENT ILLINOIS CORPORATION SERVICE**
       **801 ADLAI STEVENSON DRIVE**
       **SPRINGFIELD IL  62703**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
Answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty days after you were served this citation and **petition**, a default judgment may be taken
against you. In addition to filing a written answer with the clerk, you may be required to make initial
disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days
after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be
addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **BRUCE HENDERSON**

Filed in said Court  **14th day of October, 2021** against

**HORIZON THERAPEUTICS USA, INC**

For Suit, said suit being numbered **DC-21-15155,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation.  If
this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 20th day of October, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas.

By_____, Deputy
    CARLENIA BOULIGNY

---

**ATTY**

**CITATION**

**DC-21-15155**

**BRUCE HENDERSON**
Vs.
**HORIZON THERAPEUTICS USA, INC**

ISSUED THIS
**20th day of October, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  CARLENIA BOULIGNY, Deputy

**Attorney for Plaintiff**
**BARRY A MOSCOWITZ**
PLAZA OF THE AMERICAS
700 N PEARL STREET
25TH FLR
DALLAS TX  75201-2832
214-880-2642
bmoscowitz@thompsoncoe.com

DALLAS COUNTY CONSTABLE
FEES      FEES NOT
PAID      PAID

## OFFICER'S RETURN

Case No. :  DC-21-15155

Court No.44th District Court

Style: BRUCE HENDERSON

 Vs.

HORIZON THERAPEUTICS USA, INC

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M. Executed at _____, within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____, 20_____, by delivering to the within named

_____

_____

Each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $ _____ | of _____ County, _____ |
| For Notary | $_____ | by _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

To certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

## FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:   **HORIZON THERAPEUTICS USA, INC**
      **1 HORIZON WAY**
      **DEERFIELD, IL 60015**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
Answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty days after you were served this citation and **petition**, a default judgment may be taken
against you. In addition to filing a written answer with the clerk, you may be required to make initial
disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days
after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be
addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **BRUCE HENDERSON**

Filed in said Court  **14th day of October, 2021** against

**HORIZON THERAPEUTICS USA, INC**

For Suit, said suit being numbered <u>**DC-21-15155,**</u> the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation.  If
this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 20th day of October, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _Carlenia Bouligny_
   CARLENIA BOULIGNY                    Deputy

---

**ATTY**

**CITATION**

**DC-21-15155**

**BRUCE HENDERSON**
Vs.
**HORIZON THERAPEUTICS USA, INC**

ISSUED THIS
**20th day of October, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  CARLENIA BOULIGNY, Deputy

---

**Attorney for Plaintiff**
**BARRY A MOSCOWITZ**
PLAZA OF THE AMERICAS
700 N PEARL STREET
25TH FLR
DALLAS TX  75201-2832
214-880-2642
bmoscowitz@thompsoncoe.com

DALLAS COUNTY CONSTABLE
FEES
PAID

FEES NOT
PAID

## OFFICER'S RETURN

Case No. : DC-21-15155

Court No.44th District Court

Style: BRUCE HENDERSON

 Vs.

HORIZON THERAPEUTICS USA, INC

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M. Executed at _____, within the County of _____ at _____ o'clock _____.M. on the _____ day of_____, 20_____, by delivering to the within named _____

_____

Each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $ _____ | of _____ County, _____ |
| For Notary | $ _____ | by _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

To certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

# EXHIBIT 4

FELICIA PITRE
DALLAS COUNTY DISTRICT CLERK

NINA MOUNTIQUE
CHIEF DEPUTY

## CAUSE NO. DC-21-15155

BRUCE HENDERSON

vs.

HORIZON THERAPEUTICS USA, INC

44th District Court

## <u>ENTER DEMAND FOR JURY</u>

JURY FEE PAID BY: BRUCE HENDERSON

FEE PAID: 40

# EXHIBIT 5

CAUSE NO. DC-21-15155

| | | |
|---|---|---|
| BRUCE HENDERSON, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| HORIZON THERAPEUTICS USA, INC., | § | |
| | § | |
| Defendant(s). | § | 44TH JUDICIAL DISTRICT |

## STATUS CONFERENCE ORDER

Please be advised that the above-referenced matter is hereby set for a status conference/dismissal hearing at:

### 9:00 a.m. on December 3, 2021

Failure to appear at this hearing may result in the dismissal of this matter for want of prosecution pursuant to Texas Rules of Civil Procedure 165a and the Court's inherent power.

Signed this 19th day of October, 2021.

_____
JUDGE PRESIDING